**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Solomon Johnson, Frank Johnson, Ruth Green, Dorothy Jones, Theresa Scott, Erma Johnson, Kelly Barbara Jean Ferguson a/k/a Barbara Jean Albergottie, Alphonzo Albergottie, David Pringle, Pauline Lesesne, Marion Pringle, Jr., Frederick Scott, Paul K. Scott, Harold Jones, Sandra Williamson Powell, Fredericka L. Williamson, Elvin Bennett, Janie L. Ganues, Bertha Stafford, Patrice Stafford, Mary Lee Gary, Alnethia Gary, Edward Stanley Stafford, Luerta Gary, Kenneth Gary, Carlos Gary, Ron Kenneth Stewart, Mary Frances Duncan, Debra Williams, Larry Williams, Barbara Williams Smith, Johnie Williams, Terri Elaine Weaver, Letha G. Rhem, Patricia Ann White, Sharon White, Nolen White, and Johnny Washington, Jr., Respondents,

v.

The Heirs or Devisees of Solomon White; Mary Ann Pinckney White; Edward White, Jacob White, Mary White; Carrie White; Ellen White Gary; Sam Gary; Emma Gary Johnson; Miller Johnson, Sr.; Oscar Johnson; Eloise Johnson; Miller Johnson, Jr.; Leola Johnson; Richard (Ritchie) Johnson; Sarah H. Johnson; Mack Coles; Emily Johnson Albergottie; Robert Albergottie; Louise Johnson Pringle; Marion Pringle; Mamie Gary; Thomas Brown; Carrie Scott; Clarence Scott; Jessie Mae Scott Smalls; Williams Smalls, Jr.; Nathaniel Scott; Camerine Scott; Hermon V. Scott: Luther Scott; Earnestine Steward; Epstein Steward; Lonny Brown; Gussy Brown; Charles Brown; Danza Gary; Victoria Brown; Dorothy Williamson; Joseph Williamson, Sr.; Elijah Williamson; Joseph Williamson,

Jr.; Helen (Sweetie) Brown Bennett; Ervin Bennett; Janie Bennett Green; Eloise Bennett Nixs; Benjamin Nixs; Terry Nixs; Carrie Gary; Harry Julius; Richard Gary; Fronnie Gary; Ella Gary; Francis Gary; Florence (Nana) Gary; Aletha (Tiny) Gary Watson; Andrew Gadsden; Frank Watson; Elizabeth Gary Stafford; Lee Stafford; John Lee Stafford; Joseph Gary; Nehemiah Gary; Dorothy Gary; Harold Gary; Cleveland Gary; Henry Gary; Florrie Gary; Naomi Gary Stafford; James Stafford, Sr.; Hattie Mae Stafford; Edna Brooker; Henry Brooker; Inell Jones; Raymond Jones; James Stafford, Jr., Hazel Gary; Henry Gary, Jr.; Henry Gary, III; Herman Gary; Mary Ellen Gary Williams; Herbert Williams, Sr.; Herbert Williams, Jr.; Louise Gary White; Jimmy White; Lou Ethel Washington; Margaret Gary Levine; David Levin; Eddie James Gary; Wilhelmina Gary Murray; Ezekiel Murray, Sr., Josephine Gary Jenkins; Eddie Jenkins; Joe Louis Gary; Heirs of David Pringle; Salt Marsh Partners, L.P.; Janice E. Jones and Ralph E. Johnson; Bobbie J. Collins; Leory Norris and Odis Ann Norris; M. Lane Morrison; Mills Lane Morrison and Bank of America, N.A., as Trustees; Beaufort County Open Land Trust; William McLean Mixon and Barbara Hill Mixon, as Trustees of the Mixon Revocable Trust Agreement dated July 24, 2008; Robert J. Pinckney; Mamie Brown; Susie Cordeaux; Dorothy Lesesne, Ben Pinckney, Christopher Pinckney, Etta Pinckney, Henry Pinckney, Herbert Pinckney, Ernestine P. Rogers, Lillie Shell, and Ruth P. Simmons; Richard Johnson, Jr.; Helen Coles; Forestine Pringle; Sandra Smalls; Jackie Smalls; Sharon Smalls; Andrea Smalls; Brooke Smalls; Allan Scott; Cleon Scott; Nia Malika Singletary; Loretta L. Steward; Nathan Jones; Eric Williamson; Dwayne Williamson; Audrey Brown; Joseph Johnson; Jacqueline Johnson Major; Robert Lee Green; Kenneth Green; Juanita Green; Keith Green; Joseph Green; Ellis Green; Carl Green; Brown Bennett; Dorsey Bennett; William Nixs; Jennifer Nixs; Jason Nixs; Thaddaus Nixs; Edward Nixs; Charles Nixs; Althea Nixs; Clara Gary; Francis Gary, Jr.; Adelia Gary; Charles

Gary; Albert Gary; Ulysses Gary; Bernard Gary; David Gary; Annette Singleton; Lillie Mae Giffford; Shawndea Stafford; James Stafford; Beaulah Gadsden; Jordan Harris; Leon Stafford; Alvin Brooker; Michael Stafford; Shirley Stafford White; Gail Stafford Marquez; Jacqueline Stafford; Stephanie Jones; Renata Jones; Ranell Jones; Germanie Jones; Nathaniel Stafford; Angela Stafford; Sonya Green; James Stafford III; Rasheen James; Jusean James; Kierra Stafford; Lena (Evelyn) Gary; Brenda Patterson; Jeanette Rutledge; Issac Williams; Carolyn Achampony; Antoinette Lewis; Geraldine Brown; Johnny Washington; Kurt Washington; Diane Gary; Tracy Washington; Carren Washington; Lunetha Gary; James Stanley Gary; Gerald R. Gary; if living, and if not living, then the heirs or devisees of all such persons named above; and all persons unknown having or claiming to have any right, title, estate, interest in or lien upon the real property described in the Complaint herein, being designated collectively as John Doe and Mary Doe, including all persons who may be deceased, minors, in the Armed Forces of the United States, Non Compos Mentis, and under any other disability, Defendants,

Of whom Clara Gary, Adelia Gary, David Gary, Annette Singleton, Albert Gary, Ulysses Gary, Bernard Gary, Francis Gary, Jr., and Charles Gary are the Appellants.

Appellate Case No. 2014-002220

─────────────

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

─────────────

Opinion No. 2017-UP-135
Submitted March 3, 2017 – Filed March 29, 2017

_____

**AFFIRMED**

_____

George E. Counts, and Kelvin M. Huger, both of Counts
& Huger, LLC, of Charleston, for Appellants.

J. Thomas Mikell and Harold A. Boney, Jr., both of
Beaufort, for Respondents.

_____

**PER CURIAM:**  In this heirs' property dispute, Appellants appeal the master-in-equity's order, arguing the master erred in finding they did not acquire title to two parcels of land through ouster of their cotenants, Respondents.  We affirm.

"'Ouster' is the actual turning out or keeping excluded a party entitled to possession of any real property."  *Freeman v. Freeman*, 323 S.C. 95, 99, 473 S.E.2d 467, 470 (Ct. App. 1996).  In a tenancy in common, the possession of one cotenant is the possession of all.  *Id.*  Therefore, to establish title against a cotenant by adverse possession, a tenant "must overcome the strong presumption that he holds possession in recognition of the cotenancy."  *Id.*

"Actual ouster of a tenant in common by a cotenant in possession occurs when the possession is attended with such circumstances as to evince a claim of exclusive right and title and a denial of the right of the other tenants to participate in the profits."  *Id.*  To establish ouster, a cotenant's actions must be unequivocally hostile to the rights of the other cotenants while the intention to disseize is clear and unmistakable.  *Felder v. Fleming*, 278 S.C. 327, 330, 295 S.E.2d 640, 642 (1982).  "Only in rare, extreme cases will the ouster by one cotenant of the other cotenants be implied from exclusive possession and dealings with the property, such as collection of rents and improvement of the property."  *Freeman*, 323 S.C. at 99, 473 S.E.2d at 470.

Appellants present several pieces of evidence to support their argument that they ousted Respondents.  First, Appellants state they produced tax receipts for the properties dating back to 1967.  Second, Appellants claim they posted "No Trespassing" signs around the ten-acre parcel, which was used primarily for hunting and cutting timber.  Third, Appellants presented testimony that they farmed the thirty-acre parcel and were the only cotenants who contributed to the

upkeep of the property. Last, Appellants testified they did not know most of the members of the family tree submitted by Respondents, showing their belief that they alone owned the properties.

Upon our review of the record, evidence supports the master's finding that Appellants did not oust Respondents from the land. *See Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) (per curiam) (stating the appellate court's standard of review for adverse possession claims is limited to determining "whether any evidence reasonably tends to support the trier of fact's findings"). With respect to the tax receipts, Respondents testified it was family tradition for the eldest heir to annually divide the tax bill by the number of heirs living on the property, collect each heir's share, and pay the county tax assessor. Appellants' possession of the tax receipts, which were addressed to the "Heirs of Solomon White" and the "Heirs of Mary Ann Pinckney White," does not prove their ownership of the parcels by ouster. *See Watson v. Little*, 224 S.C. 359, 368, 79 S.E.2d 384, 388 (1953) (stating the payment of taxes by a cotenant ordinarily entitles him to only a proportionate contribution from the other cotenants).

Moreover, Appellants admitted on cross-examination that their "No Trespassing" signs around the ten-acre lot did not prove a hostile intent specifically towards Respondents. Without more, the signs were a general warning to the public at large to refrain from entering the land and protected all of the heirs. *See Fender v. Heirs at Law of Smashum*, 354 S.C. 504, 513, 581 S.E.2d 853, 858 (Ct. App. 2003) ("The fact that [a cotenant] placed 'No Trespassing' signs on the property, without more, cannot be shown to be adverse to the rights of the other [cotenants].").

Although Appellants claim they did not know any of Respondents, other than Solomon Johnson, and used the thirty-acre parcel for farming and raising livestock, we find evidence supports the master's finding that various heirs of other branches have come and gone over the years and have lived in homes and mobile homes on the property. Indeed, a non-relative confirmed Solomon Johnson's testimony that Johnson, an eighty-six-year-old man, has lived on the thirty-acre parcel for his entire life. Most importantly, Appellants could not name a single heir that they denied access to or ejected from the property. *See Felder*, 278 S.C. at 330, 295 S.E.2d at 642 (stating a cotenant's actions must be unequivocally hostile to the rights of the other cotenants while the intention to disseize is clear and unmistakable). Therefore, we hold evidence in the record supports the master's conclusion that Appellants failed to carry their burden in proving ouster.

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.